UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

THE NORTHERN ASSURANCE COMPANY
OF AMERICA, a foreign corporation,

        Plaintiff,

vs.                                              Case No. _____

SANTE TEO, INC., a Florida corporation,
SANTE HOLDINGS, INC., SANTE
SHIPPING LINES, INC., a Florida
corporation, SANTE MANNA,
S.A. and SANTE ALE, INC., a Florida
corporation,

        Defendants.
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, the Northern Assurance Company of America, by and through its undersigned attorneys, and for its complaint seeking this Court's declaratory judgment would respectfully state as follows:

### JURISDICTION AND VENUE

1. This is an action for declaratory relief pursuant to Title 28 of the United States Code, Section 2201 et. seq., in that a present controversy exists between the parties in which the Plaintiff asks this Court to adjudicate and determine the rights of the parties regarding a contract of insurance which is in dispute.

2. Venue lies in the Southern District of Florida, as this action arises out of a policy of insurance that was delivered to the assureds named therein, the Defendants, Sante

Teo, Inc., Sante Holdings, Inc., Sante Shipping Lines, Inc., Sante Manna, S.A. and Sante Ale, Inc. (hereinafter "the Asssureds") at 3075 NW South River Drive, Miami, Florida.

    3.    Plaintiff, Northern Assurance Company of America (hereinafter "Northern Assurance") is a corporation organized and existing under the laws of the State of Massachusetts.

    4.    Upon information and belief, Sante Teo, Inc., Sante Shipping Lines, Inc. and Sante Ale, Inc. are corporations that are incorporated within the State of Florida. Sante Holdings, Inc.'s and Sante Manna, S.A.'s place of incorporation is unknown.

    5.    The policy at issue, Policy No. N5JH24805, is a marine insurance policy and any claims filed against this policy that are the subject matter of this declaration judgment action, involve marine casualties; therefore this Court has jurisdiction over this matter pursuant to 28 USC 1333, admiralty and maritime jurisdiction.

    6.    Plaintiff, Northern Assurance, has been put on notice of a claim for the loss of the "Barge PAX" that is allegedly valued at One Million One Hundred Thousand Dollars ($1,100,000.00).

## FACTUAL ALLEGATIONS

    7.    On February 18, 2011, Northern Assurance issued a one year policy of insurance which ran from February 18, 2011 to February 18, 2012, Policy No. N5JH24805, which named Sante Teo, Inc. as the insured.

    8.    The vessels covered by the insurance policy were the Tug SANTE TEO and a 1995 deck barge, "MB1219".

9. Policy No. N5JH24805 included both a hull policy and a protection and indemnity policy.

10. The protection and indemnity policy included exclusions, one or more of which applies to this case and precludes coverage. The applicable exclusions being:

(a) Any liability assumed under contract or otherwise;

(b) Liability imposed on assured as punitive or exemplary damages; however described;

(c) Any liability for any loss, damage to, or expense in respect of cargo or other property (including baggage and personal effects of passenger, mail and parcel post) to be carried or which had been carried onboard the vessel, . . .;

(d) Any liability or claim for, or any loss of, damage to, or expense in respect of property owned, leased, chartered or hired by the assured;

(e) Engagement in unlawful trade or performance of an unlawful act with knowledge of the assured;

(i) Salvage charges, special charges, general average, freight, detention, demurrage or loss of use, of the vessel;

(j) Any liability for, or any loss, damage, or expense arising from or accruing by reason of the towage of any other vessel or craft other than emergency towage of a vessel in distress at sea to a port or place of safety, EXCEPT, HOWEVER, this exclusion shall not apply to claims for loss of life, or bodily injury to, or illness of any person;

(n) Any liability for or any loss, damage, cost, expense, fine or penalty of any kind or nature whatsoever whether statutory or otherwise, incurred by or imposed on the assured, directly or indirectly, in consequence of or with respect to, the actual or potential discharge, emission, spillage or leakage upon or into the seas, waters, land or air of substances of any kind or nature whatsoever.

11. The insurance policy included endorsements, which were made part of the policy.

12. Endorsement 5 of the policy provided a navigation warranty, which set forth:

> It is warranted that the vessel(s) hereby insured shall be confined to the use and navigation of the following waters:
> Coastal waters between US and Guantanamo Bay, Cuba
> In no event shall navigation exceed limits set forth by US Coast Guard Certificate of Inspection.

Furthermore there was a crew warranty that provided that as a condition of the policy there shall be no more than four crewmembers.

13. Endorsement 10, attached to the policy, provides for additional insureds, Sante Holdings, Inc., Sante Shipping Lines, Inc. and Sante Manna, S.A. and this endorsement was still in effect on November 7, 2011.

14. Endorsement 12 provides that Sante Ale, Inc. will be an additional insured under the policy.

15. On September 26, 2011, Debbie Harbour, the insurance agent for the Defendants, requested that the Barge MB1219 be deleted from the insurance policy and that the Barge PAX be added to the insurance policy.

16. On September 27, 2011, Wanda Groover, on behalf of Northern Assurance, notified Debbie Harbour that the Barge PAX could not be added to the policy until such time as a current survey was provided.

17. On October 3, 2011 Ms. Harbour notified Ms. Groover that the insured was not ready to add the Barge PAX to Policy N5JH24805, because the Barge was insured by another underwriter. Furthermore, Northern Assurance was advised that the owner of the Barge PAX was Sante Shipping Lines, Inc.

18. On or about October 22, 2011, a serious accident occurred onboard the Barge PAX, which involved the death of one individual, a longshoreman, and serious injury to a second individual, the chief mate of the Tug SANTE TEO.

19. Mr. Joe Gallagher, of International Marine Underwriters, a claim manager who supervises claims that may involve Northern Assurance policies, noted that there were apparently five crewmembers onboard the vessel at the time of the accident and the vessel was loading to go to Port au Prince, Haiti.

20. Mr. Gallagher thereupon immediately notified the insurance agent for the Defendants and advised them that he was concerned that the insureds were in violation of two of their warranties, the manning warranty that had a four crewmember limit and the navigational warranty that only provided for voyages from the United States to Guantanamo Bay, Cuba, which would not include trips to Haiti.

21. The insurance agent for the Defendants advised Mr. Gallagher, Northern Assurance and IMU, that the crew actually only had four members and the fifth person was really assigned to the SANTE ALE, furthermore she advised that the Defendants wanted to extend the navigational limits to include the entire Caribbean.

22. The navigation limits were never extended beyond US coastal waters and the route from Florida to Guantanamo Bay, Cuba.

23. In late October, the Tug SANTE TEO, towing the Barge PAX sailed from Miami and went to Port au Prince, Haiti, an area outside of the navigational limits of the insurance policy.

24. While the tug and barge were in Port au Prince, Haiti, or within Haitian waters, they took on fuel, and there were two accidents where damage occurred to the barge and to the tug.

25. On November 7, 2011, while the Tug SANTE TEO was towing the Barge PAX, and approaching the east coast of Florida, her engines stopped running and she called for assistance. The engines stopped running because she ran out of fuel.

26. While awaiting assistance, the crew noted that the Barge PAX was listing down by the bow. They contacted the home office and requested further assistance. Salvors came to the site but could not save the Barge PAX. The US Coast Guard towed the Barge PAX into deeper water, where she sank on November 8, 2011.

27. At the time the Barge PAX sank, she was carrying empty containers which either went adrift or sank with the barge.

28. The Tug SANTE TEO was towed into Miami, where it was determined that she had run out of fuel. She had suffered damage as a result of collisions with the Barge PAX while she was in Haitian waters.

29. On November 11, 2011, the agents for the Defendants submitted a claim for the loss of the Barge PAX, which an estimated value of One Million One Hundred Thousand Dollars ($1,100,000.00), the cause of the sinking allegedly being a collision.

## **FIRST CAUSE OF ACTION**

30. Plaintiff, Northern Assurance, repeats and realleges each and every allegation set forth in paragraphs 7 through 29, as if fully set forth herein.

31. Northern Assurance's Policy No. N5JH24805 states in pertinent part:

       ENDORSEMENT NO. 5

1. <u>NAVIGATION WARRANTY</u>
It is warranted that the vessel(s) hereby insured shall be confined to the use and navigation of the following waters: coastal waters between US and Guantanamo Bay, Cuba.

2. <u>CREW WARRANTY</u>
It is hereby mutually agreed that in consideration of the premium charged, it is a condition of this policy that there shall be no more than: four.

32. In late October 2011 the Tug SANTE TEO embarked on a voyage with the Barge PAX from the United States to Haiti and then back to the United States.

33. This voyage was in direct violation of the navigation warranty.

34. Defendants were made aware that traveling to Haiti would be a breach of the warranty prior to the vessel sailing, or prior to its departure from the navigation limits of Policy No. N5JH24805.

35. Any losses sustained by the Tug SANTE TEO or the Barge PAX were the direct result of either one or two of the accidents that took place in Haitian waters, while the Tug and Barge were in breach of the navigational warranty.

36. Any and all claims for damage to the Tug SANTE TEO or the loss of the Barge PAX are the direct result of Defendants breaching the navigation warranties and are therefore barred from coverage under the policy.

37. As a result of Defendants submission of a claim for the loss of the Barge PAX and damage to the Tug SANTE TEO, and as a result of the lack of coverage for the claims asserted, as set forth above, under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the

policies of insurance, and a bona fide actual and present dispute exists calling for this Court's declaratory judgment.

## SECOND CAUSE OF ACTION

38. Plaintiff, Northern Assurance, repeats and realleges each and every allegation set forth in paragraphs 7 through 29, as if fully set forth herein.

39. The claim for the loss of the Barge PAX is caused by damage that occurred to the Barge while she was outside the navigational limits of the policy and was caused by reason of the towage of the Barge PAX.

40. In September 2011 the insurance agent for the Defendants, requested that Northern Assurance add the Barge PAX as an insured vessel. Northern Assurance advised the Defendants that the vessel could not be insured without a condition survey. Defendants advised Northern Assurance that they no longer were interested in having the Barge PAX named as an insured vessel, since they had other insurance to cover any losses.

41. The Barge PAX was not an insured vessel; therefore any liability that would exist as to the Barge PAX would have to fall within the protection and indemnity portion of Policy No. N5JH24805.

42. The protection and indemnity policy provides:

> EXCLUSIONS
> (d)  Any liability or claim for, or any loss, damage to, or expense in respect of property owned, leased, chartered or hired by the assured.

43. Northern Assurance was advised on September 26, 2011 that the Barge PAX is owned by Sante Shipping Lines, Inc., a named insured under the policy.

44. At the time of the loss and prior to the loss, the SANTE TEO was towing the Barge PAX from the United States to Haiti and back to the United States.

45. The damages set forth in the claim that was submitted on November 11, 2011, fall within the exclusions of the policy and there is no coverage for those items allegedly damaged. Since a claim has been submitted, Plaintiff has sustained actual prejudice and is entitled to determine its rights, obligations and duties under Policy No. N5JH24805 and there is a real and justiciable issue that exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a bona fide actual and present dispute exists calling for this Court's declaratory judgment.

## THIRD CAUSE OF ACTION

46. Plaintiff, Northern Assurance, repeats and realleges each and every allegation set forth in paragraphs 7 through 29, as if fully set forth herein.

47. Prior to towing the Barge PAX, Defendants had included as named insured vessels the vessels that they were towing, since the insurance policy did not have tower's risk.

48. The protection and indemnity portion of the policy provides:

> EXCLUSIONS
> (j) Any liability for, or any loss, damage, or expense arising from or accruing by reason of the towing of any other vessel or craft other than emergency towage of a vessel in distress at sea to a port or place of safety, . . . .

49. The Tug SANTE TEO damaged the Barge PAX while engaged in towing or hooking up for towage of the said barge while in Haitian waters.

50. The loss of the Barge PAX occurred during the towage of said barge from Haiti to the United States by the Tug SANTE TEO.

51. The damages set forth in the claim that was submitted on November 11, 2011, fall within the exclusions of the policy and there is no coverage for the items allegedly damaged or lost.  Since a claim has been submitted, Plaintiff has sustained actual prejudice and is entitled to a determination of its rights, obligations and duties under Policy No. N5JH24805 and there is a real and justiciable issue that exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a bona fide actual and present dispute exists calling for this Court's declaratory judgment.

WHEREFORE, Plaintiff demands judgment from the Court:

(a) Declaring that Policy No. N5JH24805 does not afford coverage to the Defendants for the loss of the Barge PAX or damages to the Tug SANTE TEO that occurred between November 1, 2011 and November 11, 2011;

(b) Any and all other and further relief as the Court may deem proper and appropriate in the premises.

Dated:  December 6, 2011.                    Respectfully submitted,

*/s/ Allen von Spiegelfeld*
Allen von Spiegelfeld – FBN 256803
BANKER LOPEZ GASSLER P.A.
501 East Kennedy Boulevard, Suite 1500
Tampa, FL  33602
Telephone:  (813) 221-1500
Facsimile:   (813) 222-3066
avonsp@bankerlopez.com

Attorneys for Plaintiff,
The Northern Assurance Company of America